MORGAN, LEWIS & BOCKIUS LLP
DIANE L. WEBB, State Bar No. 197851
BRENDAN E. RADKE, State Bar No. 275284
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel:  415.442.1000
Fax: 415.442.1001
E-mail: dwebb@morganlewis.com
         bradke@morganlewis.com

Attorneys for Defendant
DESTINATION MATERNITY CORPORATION

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALANA SCHWARTZ, an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DESTINATION MATERNITY CORPORATION and DOES 1-20,<br><br>Defendants. | Case No. 2:14-CV-1477<br><br>**NOTICE OF REMOVAL OF ACTION TO THE U.S. DISTRICT COURT IN AND FOR THE CENTRAL DISTRICT OF CALIFORNIA (28 U.S.C. §§ 1332, 1441, 1446, and 1453) (DIVERSITY)** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that defendant Destination Maternity Corporation ("Defendant") hereby removes this case from the Superior Court of the State of California for the County of Los Angeles, to the United States District Court for the Central District of California. Defendant removes this matter pursuant to 28 U.S.C. § 1332(d), 28 U.S.C. § 1441, 28 U.S.C. § 1446, and 28 U.S.C. § 1453 based on the following grounds:

1.  On or about January 15, 2014, plaintiff Alana Schwartz ("Plaintiff" or "Schwartz") instituted this civil action in the Superior Court of the State of California for the County of Los Angeles, and was assigned State Court case

1  number BC-533235 (the "State Court Action").  The Complaint alleges a single
2  cause of action for violations of California Civil Code section 1747.08 (the "Song-
3  Beverly Act").  *See* Exhibit 1 (Complaint).  Plaintiff seeks civil penalties for each
4  alleged violation "in amount of up to two hundred and fifty dollars ($250) for the
5  first violation and one thousand dollars ($1,000) per each subsequent violation
6  pursuant to California Civil Code section 17547.08(e)."  *See id*.

7  2.  In compliance with 28 U.S.C. § 1446(a), attached hereto as <u>Exhibit 1</u>
8  is a true and correct copy of all the state-court papers served upon Destination
9  Maternity, namely, the Summons; Complaint; Notice and Acknowledgement of
10  Receipt, which were mailed to Defendant by regular mail on January 16, 2014, and
11  returned on January 31, 2014, pursuant to Code of Civ. Proc. section 415.30; class
12  action initial status conference order and court order regarding newly filed class
13  action, both dated February 7, 2014; and, Plaintiff's counsel's notice of change of
14  address.

**I.  CLASS ACTION FAIRNESS ACT**

16  3.  This action was commenced after the effective date of the Class Action
17  Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2 (enacted Feb. 18, 2005),
18  codified at 28 U.S.C. §§ 1332(d), 1453 and 1711-1715.

19  4.  This lawsuit is a civil action within the meaning of the Acts of
20  Congress relating to removal of class actions.  *See* 28 U.S.C. § 1453.

21  5.  This action was brought by a putative representative on behalf of a
22  proposed class of individuals.  *See* Complaint (Exh. 1), ¶¶ 11-18.  As such, this
23  matter is a purported class action as that term is defined pursuant to CAFA, 28
24  U.S.C. § 1332(d)(1)(B) and 28 U.S.C. § 1453.

25  6.  Where it is unclear from the complaint, like here, whether the plaintiff
26  is seeking more than $5,000,000, "the defendant bears the burden of actually
27  providing the facts to support jurisdiction, including the jurisdictional amount."
28  *Sanchez v. Monumental Life Ins. Co*., 102 F. 3d 398 (9th Cir. 1996) (quoting *Gaus*

*v. Miles, Inc.*, 980 F. 2d 564, 567 (9th Cir. 1992)). A defendant meets this burden by providing a preponderance of the evidence. 28 U.S.C. § 1446(c)(2)(B). Plaintiff has made no allegation about the total amount in controversy in the Complaint. *See* Exhibit 1 (Complaint). Destination Maternity, based on the evidence discussed below, establishes by a preponderance of the evidence that the federal jurisdictional amounts are met in this case.

7. The Complaint could have been filed in this Court under 28 U.S.C. § 1332(d) because this matter is brought as a class action; diversity of citizenship exists between one or more members of the putative class and Defendant; and the amount in controversy exceeds, in the aggregate, $5,000,000, exclusive of interest and costs. Removal is therefore proper pursuant to 28 U.S.C. §§ 1446 and 1453.

### A. DIVERSITY OF CITIZENSHIP EXISTS.

8. Defendant is informed and believes, and Plaintiff alleges, that Plaintiff is a resident of California. Complaint (Exh. 1), ¶ 1.

9. Plaintiff seeks to represent the following class: "all persons from whom Defendants requested and recorded telephone numbers in conjunction with a credit card transaction in its California retail stores since one year prior to the date this lawsuit was filed." Complaint (Exh. 1), ¶ 11.

10. For diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

11. Defendant is now and prior to and after the commencement of this action on January 15, 2014, has been a corporation organized and existing under and by virtue of the laws of the State of Delaware. Complaint (Exh. 1), ¶ 1 ("Plaintiff is informed and believes and thereon alleges, that Defendant DESTINATION MATERNITY CORPORATION . . . is a corporation organized under the laws of Delaware, with its principal place of business in Pennsylvania. . . ."); Declaration of William N. Schroeder, Jr. ("Schroeder Decl."), ¶ 2. Currently

and prior to and since the commencement of this action, Defendant has had its corporate headquarters and principal place of business in Pennsylvania. *Id*., ¶ 3. The Pennsylvania headquarters is and has been the place where the majority of its corporate books and records are located and where the majority of its executive and administrative functions (including but not limited to operations, corporate finance, accounting, human resources, payroll, marketing, legal, and information systems) are and have been performed. *Id*. Defendant's corporate officers (including but not limited to its chief executive officer, chief financial officer, general counsel, and treasurer) work and have worked out of the Pennsylvania headquarters, and Defendant's corporate activities have been directed, controlled, and coordinated from its Pennsylvania headquarters. *Id*.; *see generally Hertz v. Friend*, 130 S. Ct. 1181, 1192 (Feb. 23, 2010) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities" and, "in practice[,] it should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the 'nerve center.'").

12. Defendant is not and, prior to and since the commencement of this action, has not had its headquarters, executive offices, or executive officers based in California. Schroeder Decl., ¶ 5.

13. Defendant's business activities do not substantially predominate in any one state and the percentage of Defendant's total business activity that is conducted in California is not significantly larger than other states in which it conducts business. *Id*., ¶ 6. As a result, Defendant is not now, and was not at the time of the filing of the Complaint, a citizen of the State of California within the meaning of the Acts of Congress relating to the removal of actions. *See Arellano v. Home Depot U.S.A., Inc.*, 245 F. Supp. 2d 1102, 1105 (S.D. Cal. 2003); *Industrial Tectonics v. Aero Alloy*, 912 F.2d 1090, 1093-94 (9th Cir. 1990).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4
NOTICE OF REMOVAL OF ACTION
DB2/ 24799379.3

14. Defendant is now and, ever since this action commenced on January 15, 2014, has been a citizen of Pennsylvania for diversity purposes. 28 U.S.C. § 1332(c)(1).

15. The inclusion of "Doe" defendants in Plaintiff's Complaint have no effect on the ability to remove pursuant to 28 U.S.C. § 1441(a).

16. Based on the Complaint, therefore, at least one member of the putative class is a citizen of a state different from that of Defendant as Plaintiff is a citizen of California and Defendant is a citizen of Pennsylvania. *See* 28 U.S.C. § 1332(d)(2)(A) (requiring only "minimal diversity" under which "any member of a class of plaintiffs is a citizen of a State different from any defendant").

**B.   THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED.**

17. Pursuant to CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(6).

18. In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)." Senate Judiciary Report, S. REP. 109-14, at 42.

19. Although Plaintiff does not state a specific amount in controversy, Defendant can show that the amount in controversy exceeds $5,000,000 based on Plaintiff's own allegations and the size of the putative class.

20. The Complaint alleges on behalf of the putative class members claims for violation of California Civil Code section 1747.08 (the "Song-Beverly Act"). *See generally* Complaint (Exh. 1).

21. Although Defendant expressly denies Plaintiff's claims and allegations, the Court considers the allegations of the Complaint and all recoverable

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5
NOTICE OF REMOVAL OF ACTION
DB2/ 24799379.3

damages including statutory penalties and attorneys' fees to determine the amount in controversy. *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347-48 (1977); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *see Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually* owe.") (citations omitted).

22. Though Defendant denies Plaintiff's claims and allegations and further denies that Plaintiff or the putative class are entitled to any relief, Plaintiff alleges that, in connection with credit card transactions at certain of Defendant's Destination Maternity retail stores in California, Plaintiff was asked for and provided her telephone number to Defendant's cashiers, who recorded the telephone number and credit card number. *See*, *e.g.*, Complaint (Exh. 1), ¶¶ 5-10.

23. Indeed, Plaintiff alleges that cashiers in Defendant's stores routinely request and record telephone numbers and credit card numbers from customers using credit cards at the point-of-sale, in violation of the Song-Beverly Act. *See, e.g.*, Complaint (Exh. 1), ¶ 24.

24. Plaintiff further alleges that her claims are typical of the claims of the members of the proposed class. Complaint (Exh. 1), ¶ 15.

25. Though Defendant denies that it violated the Song-Beverly Act and further denies that Plaintiff or the putative class are entitled to any relief, Plaintiff's Complaint alleges that Defendant's "routine business practice" was to request and record personal identification information in connection with *every one* of their in-store credit card transactions. *See, e.g.*, Complaint (Exh. 1), ¶ 24. Further, Plaintiff alleges the putative class is comprised of: "All persons from whom Defendants requested and recorded telephone numbers in conjunction with a credit card

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6
NOTICE OF REMOVAL OF ACTION
DB2/ 24799379.3

1  transaction in its California retail stores since one year prior to the date this lawsuit
2  was filed." Complaint (Exh. 1), ¶ 11. Accordingly, the Complaint's alleged class
3  period runs from January 15, 2013 to the present. *Id*.

4      26. From November 16, 2013, through January 31, 2014, Defendant's
5  Destination Maternity stores in California processed 5,751 sales transactions
6  involving both a credit card and an enrollment in the Perks Program, Destination
7  Maternity's customer program. Schroeder Decl., ¶ 9.

8      27. Plaintiff further alleges that Plaintiffs and the Class are "entitled civil
9  penalties in amounts of up to two hundred fifty dollars ($250) for the first violation
10 and one thousand dollars ($1,000) for each subsequent violation pursuant to
11 California Civil Code section 1747.08(e)." Complaint (Exh. 1), ¶ 17.

12     28. Accordingly, based on the Complaint's allegations and requests for
13 relief, Plaintiff and the putative class seek maximum civil penalties of $250 for the
14 first violation and $1,000 for every subsequent violation pursuant to California
15 Civil Code section 1747.08(e). The total amount of alleged penalties Plaintiff and
16 the putative class seek is approximately **$5,750,250** ($250 x one violation, plus
17 $1,000 x 5,750 violations) for the period of November 16, 2013 to January 31, 2014
18 *alone*. Given that approximately 424,369 credit and debit card sales transactions
19 took place in California between January 15, 2013 and January 31, 2014 (Schroeder
20 Decl., ¶ 8), this figure represents only a fraction of the amount that Plaintiff has
21 placed in controversy.

22     29. Thus, based on the Complaint and its requests for maximum penalties
23 for alleged Song-Beverly Act violations, the amount in controversy well exceeds
24 $5,000,000. *Saulic v. Symantec Corp.*, 2007 WL 5074883, at *7-8 (C.D. Cal. Dec.
25 26, 2007) (determining amount in controversy based on plaintiff's specific demand
26 for class members of statutory penalties of up to $1000 per subsequent violation
27 [under Cal. Civ. Code section 1747.08(e) regarding improper request for personal
28 identification information] and noting issue upon removal is simply amount "in

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

controversy" between parties and *not* proof of "likelihood of recovery of a certain amount" or "proof of likely recovery per plaintiff"); *see also Rippy v. Target Brands, Inc.*, No. 14-22, 2014 WL 585364, at *3 (S.D. Ill. Feb. 14, 2014) (notice of removal properly demonstrated amount in controversy exceeded $5,000,000 by showing 2,077,761 credit and debit card transactions within the relevant time period, when only a fraction of these would be required to meet the amount in controversy requirement under CAFA).

30. Thus, although Defendant expressly denies Plaintiff's allegations and theories of maximum recovery, and expressly denies that she or the putative class that she purports to represent is entitled to any of the relief for which she has prayed, the amount in controversy associated with Plaintiff's aggregated claims clearly exceeds the $5,000,000 threshold set forth under 28 U.S.C. Section 1332(d)(2) based on Plaintiff's allegations and prayer for relief.

## II. THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED.

31. The prerequisites for removal under 28 U.S.C. Sections 1441 and 1453 have been met.

32. This Notice of Removal is timely under 28 U.S.C. Sections 1446(b) and 1453. On January 16, 2014, Plaintiff sent by regular mail a Summons, Complaint, and Notice and Acknowledgement of Receipt form to Defendant pursuant to Cal. Code Civ. Proc. section 415.30. *See* Summons, Complaint, and Notice and Acknowledgement of Receipt, attached hereto as <u>Exhibit 1</u>. Under California law, service pursuant to Code Civ. Proc. section 415.30 is effective at the date upon which Defendant signed the Acknowledgement of Receipt. *See Luchetti v. Hershey Co.*, 2008 WL 2331965, at *3 (N.D. Cal. June 4, 2008) (removal was timely because it occurred 29 days after signing of acknowledgement form pursuant to section 415.30, the point at which service was effective); *see also City of Clarksdale v. BellSouth Telecomms., Inc.*, 428 F.3d 206, 210 (5th Cir. 2005)

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

8
NOTICE OF REMOVAL OF ACTION
DB2/ 24799379.3

1  (holding effective date of service of process is determined by state law).  Defendant signed and mailed the Acknowledgement of Receipt on January 31, 2014.  *See* Acknowledgement of Receipt, attached hereto as Exhibit 2.  Defendant's Notice of Removal is therefore well within the statutory 30-day period provided under 28 U.S.C. Sections 1446(b) and 1453.

33.  Furthermore, federal courts in California have held that a class action complaint under Song Beverly that lacks a specific class size does not provide a basis for removal on its face and therefore does not trigger the 30-day removal period under § 1446(b).  *Owen v. L'Occitane*, No. CV-12-09841, 2013 WL 941967, at *6-*7 (C.D. Cal. Mar. 8, 2013).  In this case, as in *L'Occitane*, Defendant "had no duty to conduct an independent investigation to determine, within thirty days of receiving the complaint, whether it had collected PII from enough consumers or processed enough credit card transactions that CAFA's jurisdictional minimum was satisfied."  *Id*.  Accordingly, Destination Maternity's time for removal has not expired.

34.  Venue is proper in this district pursuant to 28 U.S.C. § 1441(a) because this district embraces the place in which the removed State Court Action is pending.

35.  As required by 28 U.S.C. § 1446(d), Defendant will provide notice of this removal to Plaintiff through her attorneys of record.

36.  As required by 28 U.S.C. § 1446(d), a copy of this Notice will be filed with the Superior Court of the State of California, County of Los Angeles.

37.  All pleadings, process, and orders served upon Defendant from the State Court Action are attached to this Notice of Removal as required by 28 U.S.C. § 1446(a) as Exhibit 1.

38.  Defendant has sought no similar relief.

39.  A completed Federal Civil Cover Sheet accompanies this Notice of Removal.

40. If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

**WHEREFORE**, Defendant, desiring to remove this case to the United States District Court for the Central District of California, prays that the filing of this Notice of Removal shall effect the removal of the State Court Action to this Court.

Dated: February 27, 2014          MORGAN, LEWIS & BOCKIUS LLP


By   */s/*
  Diane L. Webb
  Attorneys for Defendant
  DESTINATION MATERNITY CORPORATION