NOTE: CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALANA SCHWARTZ, individually and on behalf of other persons similarly situated,<br><br>        Plaintiff,<br><br>   vs.<br><br>DESTINATION MATERNITY CORPORATION and DOES 1-20,<br><br>        Defendants. | CASE NO.: 2:14-cv-01477 GHK (FFMx)<br><br>**[PROPOSED] PROTECTIVE ORDER** |

1.    <u>GOOD CAUSE STATEMENT</u>

      The parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order ("Protective Order" or "Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge that the terms of this Stipulated Protective Order do not affect the admissibility of evidence at trial or the exclusion of evidence at trial from the public record. The parties agree to cooperate to request that the Court prevent the unnecessary public disclosure during trial of information protected by this Protective Order.

/ / /

/ / /

1    This Protective Order is issued to assist in the flow of discovery materials, to facilitate the
2    prompt resolution of disputes over confidentiality of discovery materials, to protect and ensure
3    the confidential treatment of information, and to ensure that the parties are permitted reasonably
4    necessary uses of such materials in preparation for and in the conduct of trial. Good cause for the
5    entry of the Protective Order exists because the parties contemplate disclosure of sensitive
6    financial information and other confidential, proprietary, or private information for which special
7    protection from public disclosure and from use for any purpose other than for prosecuting,
8    defending, or attempting to settle this litigation would be warranted. Disclosure of such
9    information without the protections afforded by this Protective Order will result in prejudice and
10   harm to the parties, reduce the parties' ability to conduct business in a competitive fashion and/or
11   will result in an invasion of privacy.

12   2.    <u>DEFINITIONS</u>

13        2.1    <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of
14   information or items under this Order.

15        2.2    <u>"Confidential" Information or Items</u>: information (regardless of how it is
16   generated, stored or maintained) or tangible things that qualify for protection under Federal Rule
17   of Civil Procedure 26(c), including without limitation: (1) information protected pursuant to
18   Federal Rule of Civil Procedure 5.2; (2) information protected by any federal, California, or other
19   privacy statute, such as the California Financial Information Privacy Act, and information
20   containing protected nonpublic personal information ("NPPI"); (3) information protected by an
21   existing and valid contractual obligation requiring the Designating Party to maintain the
22   confidentiality of the information; and (4) any other commercially or personally sensitive or
23   proprietary information including, but not limited to, financial or business plans or projections,
24   proprietary technical information and specifications, current or future business and marketing
25   information, plans, and strategies, studies or analyses by internal or outside experts, and
26   confidential financial data or results.  Nothing in this paragraph shall preclude a Party from
27   redacting personal information, including social security numbers or dates of birth, as required by
28   governing law, contract, or otherwise.

PROTECTIVE ORDER

2.3    <u>Counsel</u>: attorneys who are retained to represent or advise a Party in this action. Unless otherwise expressly approved through stipulation or order, Counsel shall include the partners, associates, and their support staff appearing on behalf of the parties to this litigation, as well as attorneys who are employees of a Party to this action.

2.4    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.5    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.6    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action and who is not a current employee of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.7    <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.8    <u>"NPPI"</u>: (a) "Nonpublic personal information," as defined in Title V of the Gramm-Leach-Bliley Act, 15 U.S.C. §§ 6801-6809; (b) "Nonpublic personal information," as defined in any and all regulations promulgated pursuant to Title V of the Gramm-Leach-Bliley Act, including but not limited to 16 C.F.R. Parts 313, 314, and 332 and 12 C.F.R Part 364; and (c) Any information covered by state and federal laws and regulations protecting the privacy and security of personal information, including but not limited to the California Financial Information Privacy Act, Cal. Fin. Code § 4050 et seq.

2.9    <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.10    <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

/ / /

3

PROTECTIVE ORDER

2.11    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2.12    Protected Material: any Disclosure or Discovery Material that is designated as "Confidential."

2.13    Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted therefrom; (2) all copies, excerpts, summaries, or compilations thereof; and (3) any testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after the final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

PROTECTIVE ORDER

5.      DESIGNATING PROTECTED MATERIAL

    5.1      Exercise of Restraint and Care in Designating Material for Protection.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify - so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

    Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

    If it comes to a Party's or a Non-Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or Non-Party must promptly notify all other parties that it is withdrawing the mistaken designation.

    5.2      Manner and Timing of Designations.  Except as otherwise provided in this Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

    (a) for documents (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" at the bottom of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).  A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be

deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in deposition ~~or in other pretrial or trial~~ proceedings, (1) that the Party or Non-Party offering or sponsoring the testimony identify on the record, before the close of the deposition, ~~hearing, or other proceeding,~~ all protected testimony; or (2) the Designating Party serve all Parties with written notice of the protected testimony within twenty-one (21) days of receipt of the transcript of the deposition~~, hearing, or other proceeding~~. **(FFM)** All testimony shall be treated as "CONFIDENTIAL" until the expiration of the aforesaid deadline; provided, however, that to the extent any Party needs to utilize testimony in a Court filing that has not been marked as "CONFIDENTIAL" prior to the expiration of the aforesaid deadline, they may do so without having to comply with Paragraph 11; provided, however, that no Party shall file an undesignated transcript prior to the expiration of the aforesaid deadline without providing at least five (5) days' notice to the opposing Party of their intent to file such transcript.  If the opposing Party designates the transcript within that five (5) day period, the Party seeking to utilize the transcript in a Court filing must comply with Paragraph 11.  The parties will cooperate in good faith to avoid the filing of undesignated transcripts or the delay of any Court filing utilizing such transcripts.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

/ / /

5.3     Inadvertent Failures to Designate. An inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. A Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation.

6.2     Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must meet and confer in accordance with Local Rule 37-1. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3     Judicial Intervention. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party and complying with Local Rule 37-1, may file and serve a motion under the local rules that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting,

PROTECTIVE ORDER

defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 12, below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

　　　　7.2　　Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or items designated CONFIDENTIAL only to:

　　　　　　(a) the Receiving Party's Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

　　　　　　(b) the Parties, including the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation (including attorneys who are employees of a Party);

　　　　　　(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

　　　　　　(d) the Court and its personnel;

　　　　　　(e) court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

　　　　　　(f) witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A) or who have agreed to be bound by the terms of this Order on the record. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order; and

　　　　　　(g) the author of the document or the original source of the information.

　　　　　　(h)  with respect to Confidential Information produced by a Producing Party that contains NPPI:

PROTECTIVE ORDER

i.  in no event shall the Receiving Party disclose the NPPI of any Consumer contained in any Confidential Information to any Party or Non-Party other than the Consumer, except as permitted under Title V of the Gramm-Leach-Bliley Act, §§ 6801-6809, and its implementing regulations;

ii.  The Producing Party accepts no liability for any disclosure by any Party other than the Producing Party or by any Non-Party of Confidential Information produced in this Matter containing NPPI;

iii.  review of Confidential Information containing NPPI by Counsel, Experts or consultants for any Party shall not waive, in whole or in part, any Party or Non-Party's claim of confidentiality. Likewise, the inadvertent, unintentional or in camera disclosure of Confidential Information containing NPPI shall not be deemed a waiver, in whole or in part, of any Party or any Non-Party's claims of confidentiality; and

iv.  Plaintiff consents that Defendant may produce Confidential Information, including her NPPI, to Counsel for Plaintiff.

8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION OR GOVERNMENT INVESTIGATIONS.

If a Receiving Party is served with a document request, investigatory demand for documents, subpoena or an order issued in other litigation or government investigations that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Receiving Party must:

(a)  promptly notify in writing the Designating Party. Such notification shall include a copy of the request, demand, subpoena or court order;

(b)  promptly notify in writing the Party who caused the request, demand, subpoena or order to issue in the other litigation or government investigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

/ / /

(c)  cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the request, demand, subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material - and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. 	A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION.

The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

10. 	UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Agreement to Be Bound by Protective Order" (Exhibit A).

In addition, if a Receiving Party learns that, by inadvertence or otherwise, it has made an unauthorized disclosure of NPPI contained in Confidential Information produced by the Producing Party, the person(s) from whose possession, custody or control the inadvertent or unauthorized disclosure occurred shall immediately inform the Producing Party of all pertinent

1    facts relating to the disclosure and the nature and extent of the NPPI involved.  The Producing

2    Party shall determine, within the Producing Party's sole discretion, whether notification of law

3    enforcement or regulatory authorities is appropriate.

4    11.    FILING PROTECTED MATERIAL.

5         Without written permission from the Designating Party or a court order secured after

6    appropriate notice to all interested persons, a Party may not file in the public record in this action

7    any material designated "CONFIDENTIAL." A Party that wishes to file any material designated

8    as "CONFIDENTIAL" in any public record, including court records, must do so under seal in

9    accordance with the local rules. This includes filing an application to file under seal with the

10   Court. Such application must show good cause for the under seal filing request. The application

11   shall be directed to the judge to whom the papers are directed. Pending the ruling on the

12   application, the papers or portions thereof subject to the sealing application shall be lodged under

13   seal.

14        Nothing in this Order shall prevent a Party or its attorney from using any Protected

15   Material: (i) at a deposition of the Producing Party; (ii) at a hearing; (iii) to prepare for and

16   conduct discovery in this action; (iv) to support or oppose any motion made in this action; (v) to

17   prepare for trial; (vi) during trial; or (vii) during any appeal. Under these circumstances, the use

18   of Protected Material shall be subject to the Federal Rules of Evidence, the Federal Rules of Civil

19   Procedure, this District's Local Rules, and the Standing Orders of this Court. The parties will

20   cooperate in approaching the Court for the purpose of sealing proceedings if necessary to prevent

21   the public disclosure of Protected Materials.

22   12.    FINAL DISPOSITION.

23        Unless otherwise ordered or agreed in writing by the Producing Party, within 60 days after

24   the final termination of this action, each Receiving Party must return all Protected Material to the

25   Producing Party.  As used in this subdivision, "all Protected Material" includes all copies,

26   abstracts, compilations, summaries or any other form of reproducing or capturing any of the

27   Protected Material. With permission in writing from the Designating Party, the Receiving Party

28   may destroy some or all of the Protected Material instead of returning it.  Whether the Protected

Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty 60 day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

13.    MISCELLANEOUS

    13.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    13.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order, and the parties expressly reserve their rights to challenge the production of any information or item on any proper grounds, regardless of whether the information or item is the type mentioned in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

    13.3    Retroactive Application. This Protective Order shall apply retroactively to any Disclosure or Discovery Material produced prior to entry of the Order and designated as "CONFIDENTIAL."

        IT IS SO ORDERED.


Date:  October 17, 2014                    /S/ FREDERICK F. MUMM
                                            FREDERICK F. MUMM
                                        United States Magistrate Judge

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

**Agreement to Be Bound by Protective Order**

I hereby acknowledge that I,_____ [NAME],

_____[POSITION AND EMPLOYER], am about to

receive Confidential Information or Items supplied in connection with *Schwartz v. Destination*

*Maternity Corporation* (United States District Court for the Central District of California Case

No. 2:14-CV-01477-GHK-FFM). I certify that I understand that the Confidential Information or

Items are provided to me subject to the terms and restrictions of the Stipulated Protective Order

filed in this case. I have been given a copy of the Stipulated Protective Order; I have read it, and I

agree to be bound by its terms.

I understand that Confidential Information or Items, as defined in the Stipulated Protective

Order, including any notes or other records that may be made regarding any such materials, shall

not be disclosed to anyone except as expressly permitted by the Stipulated Protective Order. I will

not copy or use, except solely for the purposes of this case, any Confidential Information or Items

obtained pursuant to this Stipulated Protective Order, except as provided therein or otherwise

ordered by the Court in the case.

I further understand that I am to retain all copies of all Confidential Information or Items

provided to me in the case in a secure manner and that all copies of such Confidential Information

or Items are to remain in my personal custody until termination of my participation in this case,

whereupon the copies of such Confidential Information or Items will be returned to Counsel who

provided me with such Confidential Information or Items.

I declare under penalty of perjury, under the laws of the United States, that the foregoing

is true and correct.  Executed this _____ day of _____, 20_____, at

_____.

_____          _____
Signature                                                              Address
_____          _____
Title                                                                     City, State, Zip
                                                                               _____
                                                                               Telephone Number

PROTECTIVE ORDER