JS - 6

**FILED**
CLERK, U.S. DISTRICT COURT
DEC 7, 2015
CENTRAL DISTRICT OF CALIFORNIA
BY: BH DEPUTY

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALANA SCHWARTZ,<br><br>  Plaintiff,<br><br>v.<br><br>DESTINATION MATERNITY<br>CORPORATION and DOES 1-20,<br><br>  Defendants. | CASE NO. CV 14-1477-GHK (FFMx)<br><br>**JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AWARDING FEES, COSTS, AND REPRESENTATIVE INCENTIVE AWARD** |

1  Plaintiff Alana Schwartz ("Plaintiff") and Defendant Destination Maternity
2 Corporation ("Destination Maternity") have reached a settlement for a putative class
3 action.
4  On July 20, 2015, this Court (1) preliminarily certified a class for settlement
5 purposes; (2) preliminarily approved the terms of the proposed class action settlement as
6 fair, reasonable, and adequate; and (3) authorized notice to the Settlement Class of the
7 terms of the proposed settlement.  Having completed the process of providing notice to
8 the Settlement Class, and no objectors having come forward, Plaintiff moves for final
9 approval of a class action settlement of the claims asserted against Defendant in this
10 action, memorialized in the Settlement Agreement.  (*See* Dkt. 58-1, Ex. 1.)  After
11 reviewing the Settlement Agreement, Plaintiff's Motion for Final Approval of Class
12 Action Settlement, Plaintiff's Motion for Attorneys' Fees, Litigation Costs, and Incentive
13 Award, and other related documents, and having heard the argument of Counsel for the
14 respective Parties, IT IS HEREBY ORDERED AS FOLLOWS:

15  1. The Court has jurisdiction over the parties to this action, including all
16 members of the Settlement Class as defined in the Settlement Agreement.

17  2. The Court finds, for purposes of settlement only, that the proposed
18 Settlement Class satisfies the applicable standards for certification under Federal Rule of
19 Civil Procedure 23(a) and (b)(3).  Accordingly, solely for the purposes of effectuating
20 this settlement, this Court hereby certifies the Settlement Class, as defined in the
21 Settlement Agreement.

22  3. The Court hereby grants final approval of the Parties' Settlement Agreement
23 as it meets the criteria for final settlement approval.  The Settlement is fair, adequate, and
24 reasonable; appears to be the product of arm's-length and informed negotiations; and
25 treats all Settlement Class Members fairly.

26  4. The Court has determined that the notice given to the Settlement Class fully
27 and accurately informed the Settlement Class of all material elements of the proposed
28

Settlement, constituted the best practicable notice to all members of the Plaintiff Settlement Class, and fully meets the requirements of Federal Rule of Civil Procedure 23 and all applicable constitutional requirements.

5. The Court hereby orders that Settlement Class Members who did not timely exclude themselves from the Settlement have released all claims or causes of action settled under the terms of the Settlement Agreement. These Settlement Class Members are hereby forever barred and enjoined from commencing or prosecuting any of the claims, either directly, representatively, or in any other capacity, that are released by the Settlement Agreement.

6. Having received no objections, and the time for submitting such objections having passed, the Court finds that no valid objections have been submitted and no objections will be considered by the Court. Settlement Class Members who did not timely object to the Settlement set forth in the Settlement Agreement are barred from prosecuting or pursuing any appeal of this Order.

7. Having received six requests for exclusion from the Settlement, the Court finds that Kaelyn Bauman, Consuelo Pena, Luz Aranda, Anna Gagarina, Taryn Petro, and Elvira Macias are not bound by the terms of the Settlement Agreement.

8. The Settlement embodied in the Settlement Agreement is not an admission by Destination Maternity nor is this Order a finding of the validity of any claims in the lawsuit or of any wrongdoing by Destination Maternity. Neither this Order, the Settlement Agreement, any document referred herein, nor any action taken to carry out the terms of the Settlement Agreement, may be construed as, or may be used as, an admission by or against Defendant of any fault, wrongdoing, or liability whatsoever.

9. Plaintiff Alana Schwartz is appointed as the Class Representative for purposes of Settlement. The Court awards Alana Schwartz an incentive award of $2,000 as fair and reasonable compensation for her services.

10. James T. Ryan of James T. Ryan, PC and Kenneth A. Goldman of Law

Office of Kenneth A. Goldman, PC are appointed Class Counsel.

11. The Court grants an award of attorneys' fees in the amount requested of $197,500 and $10,946.46 in costs to be paid to Class Counsel according to the terms of the Settlement Agreement. The Court finds that the attorneys' fees awarded are reasonable after comparing the request to the lodestar fee calculation and considering Class Counsel's work in connection with the litigation.

12. The Court finds that no just reason exists for delay in entering this Judgment and Final Approval Order. Accordingly, the Clerk is hereby directed to enter this Order as a Final Judgment.

13. The Court hereby orders that, without affecting the finality of the Final Judgment, it reserves continuing jurisdiction over the matter and the Parties for the purposes of implementing, enforcing and/or administering the Settlement or enforcing the terms of the Judgment.

**IT IS SO ORDERED**.

DATED: December 7, 2015

_____
GEORGE H. KING
Chief United States District Judge

4